ing writ of habeas corpus.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Simons, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN D. SCOTT, Appellant, v. VINCENT R. MANCUSI, as Superintendent of Attica Correctional Facility, Respondent.— Appeal unanimously dismissed on the ground that relator has been released on parole. (See *People ex rel. Wilder* v. *Markley,* 26 N Y 2d 648.) (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Simons, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GERALD LIEBLER, Appellant, v. VINCENT R. MANCUSI, as Superintendent of Attica Correctional Facility, Respondent.— Appeal unanimously dismissed on the ground that relator has been released on parole. (See *People ex rel. Wilder* v. *Markley,* 26 N Y 2d 648.) (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Goldman, P. J., Marsh, Witmer, Moule and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT TAYLOR, Appellant, v. ROBERT J. HENDERSON, as Superintendent of Auburn Correctional Facility, Respondent.— Judgment unanimously reversed and relator remanded to respondent for a hearing in accordance with the following memorandum: On July 6, 1970 upon relator's plea of guilty of robbery Erie County Court sentenced him to four years' imprisonment. On March 23, 1972 he was released on parole from Auburn Correctional Facility. Upon complaint of an alleged girlfriend, on April 25, 1972 he was arrested for assault and burglary; but both charges were withdrawn on April 27, and the complaints dismissed. Because of such arrest, however, relator was picked up and charged as a parole violator, declared delinquent and returned to Auburn Correctional Facility. By petition dated July 14, 1972 relator instituted this habeas corpus proceeding, alleging that he has been denied due process of law by being restrained of his parole liberty without a hearing, citing *People ex rel. Menechino* v. *Warden* (27 N Y 2d 376) and *Morrissey* v. *Brewer* (408 U. S. 471). County Court held that since the *Morrissey* decision was made after relator's return to Auburn, it did not apply, and also that relator's petition fails to meet the requirements of CPLR 7002 (subd. [c], pars. 1, 5) and dismissed the petition without a hearing. We agree that the *Morrissey* principle is not applicable herein. We find that the petition meets the requirements of CPLR 7002 (subd. [c], par. 1), and that although it does not contain an allegation that no appeal is pending from relator's conviction (par. 5), we do not find such allegation necessary for a consideration of the legality of relator's detention on his arrest for violation of his parole. Relator's petition expressly presented to the court the contention that he is being unlawfully restrained because the Parole Board did not give him a hearing before revoking his parole, as mandated by the *Menechino* holding. Although the petition is inartistically drawn, we think that it sufficiently presents the issue so as to require that the Attorney-General submit evidence to disprove it. Since he has not done so, we accept the allegation as true and remand relator to respondent for such hearing, at which relator may be represented by counsel. In the event that such hearing is not held within 30 days from the entry of this order, relator shall be restored to parole upon the terms of his original release on March 23, 1972. (Appeal from judgment of Cayuga County Court denying application for writ of habeas corpus.) Present — Goldman, P. J., Del Vecchio, Marsh, Witmer and Moule, JJ.

■ LYLE GREEN, Appellant, v. ONONDAGA COUNTY BAR ASSOCIATION, Respondent.— Motion for leave to appeal as a poor person and for other relief